UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JAMAL D. MORRIS,<br><br>    Plaintiff,<br><br>    v.<br><br>MARSHALL CO. SHERIFF'S DEPT., et al.,<br><br>    Defendants. | CAUSE NO. 3:19-CV-1073-JD-MGG |

OPINION AND ORDER

Jamal D. Morris, a prisoner without a lawyer, proceeds on a Fourteenth Amendment claim against Sheriff Hassel and Jailer Holcomb for subjecting him to overcrowded conditions at the Marshall County Jail, which forced him to sleep on the floor and to sit on the toilet and floor to eat meals. The defendants filed a motion for summary judgment, arguing that they had limited personal involvement with Morris' living conditions and that Morris was not subjected to overcrowded conditions at the Marshall County Jail.

The defendants also provided Morris with the summary judgment notice required by N.D. Ind. L.R. 56-1 and a copy of both Federal Rule of Civil Procedure 56 and Local Rule 56-1. ECF 23. The notice informed Morris of the consequences of forgoing a response. It advised that, unless he disputed the facts presented by the defendants, the court could accept those facts as true. *See* Fed. R. Civ. P. 56(e). It further

advised that a lack of response could result in the dismissal of his case. *See* Fed. R. Civ. P. 56(a). Nevertheless, Morris did not file a response.

## FACTS

In support of the motion for summary judgment, Matt Hassel, the sheriff of Marshall County, submitted an affidavit, attesting as follows. ECF 22-1. The Marshall County Jail has 233 permanent beds. From 2017 to 2018, the average daily population of the jail rose sharply from 153 inmates to 210 inmates. As early as the fall of 2018, Sheriff Hassel developed concerns about the potential for overcrowding and met with other local governmental officials, including judges, the county council, and the county prosecutor, in an effort to find a solution, and the local governmental officials pursued substantial measures toward that end. Despite these efforts, the inmate population continued to rise in 2019 with the average daily inmate population first exceeding the permanent bed capacity in March, peaking in August with 292 inmates, and never falling below 232 inmates. However, in 2020, the average daily population began to fall, dropping below two hundred inmates by April and not rising above that average since.

Andrew Holcomb, chief jail officer at the Marshall County Jail, also submitted an affidavit (ECF 22-2), attesting that the overcrowded conditions culminated in the June 2019 decision to assign one inmate to sleep on a six-inch thick mat on the floor in each of the jail's four-man cells, which was the largest cell available in the jail. While these floor assignments limited space to maneuver within these cells, inmates could still navigate without making physical contact with the floor assignee if they were careful. Inmates were also free to move about the dayroom, except at night between 10:00 p.m.

and 7:00 a.m. and during a brief lockdown each afternoon for count. Though inmates in these pods outnumbered the available seats at the dayroom tables, inmates were allowed to eat meals on their bunks or while standing or to wait until a seat became available. Jail staff also modified other areas of the jail to address the additional housing needs and ordered portable bunks so that inmates would no longer have to sleep on a mat on the floor.

Jailer Holcomb further attests that Morris was assigned to a pod with two-man cells throughout his time at the Marshall County Jail and would not have been required to sleep on the floor or to experience overcrowded living conditions. Neither of the defendants received any complaints from Morris regarding his living conditions.

## STANDARD OF REVIEW

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Not every dispute between the parties makes summary judgment inappropriate; "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.* In determining whether summary judgment is appropriate, the deciding court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Ogden v. Atterholt*, 606 F.3d 355, 358 (7th Cir. 2010).

DISCUSSION

Morris asserts a Fourteenth Amendment claim against Sheriff Hassel and Jailer Holcomb for subjecting him to overcrowded conditions at the Marshall County Jail which forced him to sleep on the floor and to sit on the floor or a toilet to eat meals. "[T]he Fourteenth Amendment's Due Process Clause prohibits holding pretrial detainees in conditions that amount to punishment." *Mulvania v. Sheriff of Rock Island Cty.*, 850 F.3d 849, 856 (7th Cir. 2017). "[P]unishment can consist of actions taken with an expressed intent to punish," or, "in the absence of an expressed intent to punish, a pretrial detainee can nevertheless prevail by showing that the actions are not rationally related to a legitimate nonpunitive governmental purpose or that the actions appear excessive in relation to that purpose." *Kingsley v. Hendrickson*, 576 U.S. 389, 397-98 (2015). To prevail on such a claim, a plaintiff must show that the defendants' conduct was objectively unreasonable based on the facts and circumstances of his particular case. *Id.; Hardeman v. Curran*, 933 F.3d 816, 823 (7th Cir. 2019). For Section 1983 claims against individuals, "liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise." *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009).

The record contains no evidence that the defendants were aware of Morris' specific living conditions or that Morris was subjected to overcrowded conditions at the Marshall County Jail, given he was not assigned to a four-man cell. Further, the record demonstrates that the defendants responded reasonably to the overcrowded conditions. On this record, no reasonable jury could conclude that the defendants' response was

4

objectively unreasonable. Therefore, the motion for summary judgment is granted with respect to the Fourteenth Amendment claim against Sheriff Hassel and Jailer Holcomb. No other claims remain in this case.

For these reasons, the court:

(1) GRANTS the motion for summary judgment (ECF 21);

(2) DIRECTS the clerk to enter judgment in favor of the defendants and to close this case.

SO ORDERED on January 13, 2021

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT